76666.0240

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROBERTO S. ROBLEDO** | § § § | |
| **Plaintiff,** | § § | |
| V. | § § | Civil Action No. 5:17-CV-00542 |
| **TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY** | § § § § | |
| **Defendant** | § § | |

## DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 57th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

### I.
### INTRODUCTION

1.   On May 10, 2017, Plaintiff Roberto S. Robledo filed his original petition in the 57TH Judicial District Court, Bexar County, Texas captioned *Roberto S. Robledo v. Travelers Lloyds of Texas Insurance Company*, Cause Number 2017CI08639 (the "State Court Action").

2.   Citation for the State Court Action was issued on May 15, 2017 and served by certified mail to Defendant Travelers on June 12, 2017.

76666.0240

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiff seeks monetary damages the maximum of which is over $100,000 but not more than $200,000. *See* Plaintiff's Original Petition, attached hereto as Exhibit A-1 at pages 10-11. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs

5. Plaintiff was at the time of the filing of this action, has been at all times since, and still is an individual resident citizen of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

6. Defendant Travelers Lloyds of Texas Insurance Company is a Lloyd's plan insurance association and is an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993): *see also State Farm Lloyds v. Peed,* No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001)(" For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.).

7. Travelers Lloyds of Texas Insurance Company's underwriters at the time of the filing of this action, have been at all times since, and still are all individual resident citizens of

2

76666.0240

Connecticut; none of its underwriters are citizens of Texas. *See* Affidavit of Jeffrey Slack, attached hereto as Exhibit "B." Accordingly, Travelers Lloyds of Texas Insurance Company is a citizen of Connecticut.

8. Because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

9. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

10. This Notice of Removal is filed within thirty (30) days after service (on June 12, 2017) by Defendant of the State Court Action. This Notice of Removal is also been filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, if timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

23. In accordance with 28 USC § 1446 (D), Defendants will promptly give written notice of this Notice of Removal to Plaintiffs through counsel of record and file a copy of this Notice of Removal in the 57TH Judicial District Court, Bexar County, Texas.

24. Defendants reserve the right to amend or supplement this Notice of Removal.

25. The following are included in the Appendix filed contemporaneously with this Notice of Removal:

76666.0240

  (a) an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

  (b) a copy of the docket sheet in the State Court Action;

  (c) a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

  (d) a separately filed Federal Form JS 44 Civil Cover Sheet.

For the above reasons, Defendants give notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: 19 June, 2017

Respectfully submitted,

ADAMI, SHUFFIELD, SCHEIHING
 & BURNS, P.C.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone (210) 344-0500
Telecopier (210) 344-7228
bscheihing@adamilaw.com

By: _____
  ROBERT F. SCHEIHING
  State Bar No. 17736350

ATTORNEY FOR DEFENDANT

4

76666.0240

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure this  19  day of June, 2017:

Robert Pollom  
Jake Rogiers  
KETTERMAN ROWLAND & WESTLUND  
16500 San Pedro, Suite 302  
San Antonio, Texas 78232  
robert@krwlawyers.com  
jake@krwlawyers.com

                                                                   ROBERT F. SCHEIHING